STEVEN S. ALM
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney
FLORENCE T. NAKAKUNI
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 18 2000

at 5 o'clock and __ min __ P.M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,                Plaintiff,       vs.  GABRIEL L. AIO, (01) STEVE M. CROUCH, (02) HUY LOI, a/k/a "Sherman," (03) KIM LE RICHARDSON,   a/k/a "Kimi," (04) HUNG CHI HO, a/k/a   "Small David," (06) GEORGE V. V. DANG, (07) TIAN JUN TSAI,   a/k/a "Kenny," (08) ROBERT ANDRADE, (09) ANTONIO SAYSON, (11) WON YOUNG PARK,   a/k/a "Johnny," (12) RIT HUI, a/k/a "Tommy," (13) IN SING CHOY, (14) FRANCIS SCANLAN, (16) JOSEPH KIILI, (17) ESEROMA AMISONE, (18) VIEFU J. EPENESA, (19)               Defendants. | CR. NO. 00-00215 DAE BMK  FIRST SUPERSEDING INDICTMENT [18 U.S.C. §§ 1956(a)(1)(A)(i), (h), 1955, 2 & 982 and 28 U.S.C. § 2461(c)]   ATTEST: A True Copy WALTER A.Y.H. CHINN Clerk, United States District Court, District of Hawaii By _____                    Deputy |

FIRST SUPERSEDING INDICTMENT

COUNT 1
(18 U.S.C. § 1955)

The Grand Jury charges that:

From a time unknown to the grand jury but by at least sometime in June, 1999, and continuing thereafter to on or about sometime in May, 2000, in the District of Hawaii and elsewhere, the defendants GABRIEL L. AIO, STEVE M. CROUCH, HUY LOI, a/k/a "Sherman," KIM LE RICHARDSON, a/k/a "Kimi," HUNG CHI HO, a/k/a "Small David," GEORGE V.V. DANG, TIAN JUN TSAI a/k/a "Kenny," ROBERT ANDRADE, ANTONIO SAYSON, WON YOUNG PARK, a/k/a "Johnny", RIT HUY a/k/a "Tommy," IN SING CHOY, FRANCIS SCANLAN, JOSEPH KIILI, ESEROMA AMISONE, and VIEFU J. EPENESA did unlawfully and knowingly conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business involving card games and electronic video gambling machines, in violation of the laws of the State of Hawaii (Hawaii Revised Statute § 712-1221), in which said business was conducted at 1152 Maunakea Street and 115 N. Hotel Street, Honolulu, Hawaii; which illegal gambling business involved, during the period aforesaid, five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which gambling business remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue in excess of $2,000 in a single day.

All in violation of Title 18, United States Code, Section 1955, and Title 18, United States Code, Section 2.

Count 2

The Grand Jury further charges that:

A.  Upon conviction of the offense alleged in Count 1 of this Indictment, defendant KIM LE RICHARDSON used the following real property to facilitate the commission of the offense:

> ALL OF THAT CERTAIN PARCEL OF LAND (PORTION OF ROYAL PATENT 5597, LAND COMMISSION AWARD 70, APANA 1 TO WAIAHA), SITUATE AT HONOLULU, ISLAND OF OAHU, STATE OF HAWAII, BEING PARCEL D-A-7, TAX MAP KEY NUMBER 1-7-004-028(1), AND ALL APPURTENANCES AND IMPROVEMENTS THERETO, BEARING STREET ADDRESS 1152 MAUNAKEA STREET, HONOLULU HAWAII.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant -

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. Section 2461(c), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property, including but not limited to:

1. ALL OF THAT CERTAIN PARCEL OF LAND LOCATED AT 6008 KALANIANAOLE HIGHWAY, HONOLULU, HAWAII, 96821, LOT 502-A-2-B-1-A, AREA 10,748 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 246, FILED IN THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF THE STATE OF HAWAII WITH LAND COURT APPLICATION NO. 578 (AMENDED) OF JOSEPH PAIKO, JUNIOR.

2. ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT KUKUAU 1ST, DISTRICT OF SOUTH HILO, ISLAND AND COUNTY OF HAWAII, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

   LOT 257, AREA 1.000 ACRE, MORE OR LESS, AS SHOWN ON MAP 73, FILED IN THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF THE STATE OF HAWAII WITH LAND COURT APPLICATION NO. 1205 (AMENDED) OF COOKE TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL AND OF THE ESTATE OF AKANA AMELIA RICHARDSON, DECEASED;

   BEING THE LAND(S) DESCRIBED IN TRANSFER CERTIFICATE OF TITLE NO. 382,793 ISSUED TO JUDY KIMIYO KINOSHITA, WIFE OF RONALD HIDEKI KINOSHITA, AND DESCRIBED AS TAX MAP KEY NUMBER (3) 2-4-075-058.

(All in violation of Title 28 United States Code, Section 2461 and Title 18 United States Code, Section 1955)

By virtue of the commission by said defendant of the offense charged in Count 1 of the indictment, defendant shall forfeit any and all interests she has in the aforesaid properties pursuant to 28 United States Code Section 2461.

### COUNT 3

(18 U.S.C. § 1956)

A. Introduction

At all times material to this indictment:

1. GABRIEL L. AIO, defendant herein, was a resident of Hawaii;

2. STEVE M. CROUCH, defendant herein, was a resident of Hawaii;

3. HUY LOI, a/k/a "Sherman," defendant herein, was a resident of Hawaii;

4. KIM LE RICHARDSON, a/k/a "Kimi," defendant herein, was a resident of Hawaii;

5. Den Van Nguyen, who is not a defendant herein, was a resident of Hawaii;

6. HUNG CHI HO a/k/a "Small David" was the owner of an illegal gambling business located in Hawaii but was a resident of Vietnam.

B. <u>The Conspiracy</u>

From on or about June 18, 1999, to on or about sometime in approximately mid-May, 2000, in the District of Hawaii and elsewhere, the defendants, GABRIEL L. AIO, STEVE M. CROUCH, HUY LOI, a/k/a "Sherman," KIM LE RICHARDSON, "Kimi," and HUNG CHI HO, a/k/a "Small David," defendants herein, and Den Van Nguyen who is not a defendant herein, did knowingly and intentionally and unlawfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to engage in the laundering of monetary instruments, that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the movement of funds (U.S. currency), which involved the proceeds of specified unlawful activity, that is, an illegal gambling business in violation of Title 18, United States Code, Section 1955, and also

that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of specified unlawful activity, with the intent to promote the carrying of specified unlawful activity, to wit, an illegal gambling business, a violation of 18 U.S.C. § 1955.

C. <u>The Manner and Means of the Conspiracy</u>

1. It was a part of the conspiracy that KIM LE RICHARDSON, "Kimi," owner of the building located at 1152 Maunakea Street, knew about the illegal gambling business owned by HUNG CHI HO, a/k/a "Small David," and managed by HUY LOI, a/k/a "Sherman" and consented to said illegal activity being conducted at 1152 Maunakea Street.

2. It was also a part of the conspiracy that Den Van Nguyen operated an illegal gambling business in the basement of 1152 Maunakea Street.

3. It was also part of the conspiracy that GABRIEL L. AIO, and STEVE M. CROUCH, provided "protection" for the illegal gambling business owned by HUNG CHI HO a/k/a "Small David," and managed by HUY LOI, a/k/a "Sherman," located on the second floor of 1152 Maunakea Street and which was temporarily located at 115 N. King Street by allowing the illegal gambling business to operate and preventing disruption from competitors.

4. It was also a part of the conspiracy that GABRIEL L. AIO and STEVE M. CROUCH made cash payments to a Honolulu Police Department ("HPD") Officer who posed as a corrupt officer willing to accept bribery payments in exchange for warning them

of HPD gambling raids and otherwise assist the illegal gambling business.

5. It was also a part of the conspiracy that KIM LE RICHARDSON, a/k/a "Kimi," HUNG CHI HO, a/k/a "Small David and HUY LOI, a/k/a "Sherman," made cash payments to a HPD Officer who posed as a corrupt officer willing to accept bribery payments in exchange for warning them of HPD raids and otherwise assist the illegal gambling business.

6. It was also a part of the conspiracy that Den Van Nguyen made cash payments to a HPD Officer who posed as a corrupt officer willing to accept bribery payments in exchange for warning them of HPD raids and otherwise assist the illegal gambling business.

D. OVERT ACTS

In furtherance of the conspiracy and to effect its object, the defendants GABRIEL L. AIO, STEVE M. CROUCH, HUY LOI, a/k/a "Sherman," KIM LE RICHARDSON, aka "Kimi," and HUNG CHI HO aka "Small David" and Den Van Nguyen, who is not a defendant herein, committed the following overt acts.

I. Defendants GABRIEL L. AIO and STEVE M. CROUCH made or caused the following cash transactions to be made to a Honolulu Police Department Officer posing as a corrupt law enforcement officer willing to accept bribes in exchange for warning them of HPD raids and otherwise assist the illegal gambling business:

| OVERT ACT | TRANSACTION DATE | TRANSACTION AMOUNT |
|---|---|---|
| 1 | 09/16/99 | $2,000.00 |
| 2 | 09/23/99 | $500.00 |
| 3 | 09/30/99 | $500.00 |
| 4 | 01/10/00 | $1,000.00 |
| 5 | 01/14/00 | $1,000.00 |
| 6 | 01/19/00 | $500.00 |
| 7 | 01/26/00 | $500.00 |
| 8 | 02/02/00 | $500.00 |
| 9 | 02/09/00 | $500.00 |
| 10 | 02/16/00 | $500.00 |
| 11 | 02/23/00 | $500.00 |
| 12 | 03/01/00 | $500.00 |
| 13 | 03/08/00 | $500.00 |
| 14 | 03/15/00 | $500.00 |
| 15 | 03/22/00 | $500.00 |
| 16 | 03/29/00 | $500.00 |
| 17 | 04/05/00 | $500.00 |
| 18 | 04/12/00 | $500.00 |
| 19 | 04/19/00 | $500.00 |
| 20 | 04/26/00 | $500.00 |
| 21 | 05/03/00 | $500.00 |
| 22 | 05/10/00 | $500.00 |
| 23 | 05/17/00 | $500.00 |

II.  Defendants KIM LE RICHARDSON a/k/a "Kimi" and HUY LOI, a/k/a "Sherman," made or caused the following cash transactions

to be made to a Honolulu Police Department Officer posing as a corrupt law enforcement officer willing to accept bribes in exchange for warning them of HPD raids and otherwise assist the illegal gambling business:

| OVERT ACT | TRANSACTION DATE | TRANSACTION AMOUNT |
| --- | --- | --- |
| 24 | 09/05/99 | $1,400.00 |
| 25 | 09/24/99 | $1,400.00 |
| 26 | 10/01/99 | $1,400.00 |
| 27 | 10/08/99 | $1,400.00 |
| 28 | 10/15/99 | $1,400.00 |
| 29 | 10/25/99 | $1,400.00 |
| 30 | 10/29/99 | $1,400.00 |
| 31 | 11/05/99 | $1,400.00 |
| 32 | 11/12/99 | $1,400.00 |
| 33 | 11/26/99 | $1,400.00 |
| 34 | 12/03/99 | $1,400.00 |
| 35 | 12/10/99 | $1,400.00 |
| 36 | 12/17/99 | $1,400.00 |
| 37 | 12/23/99 | $1,420.00 |
| 38 | 12/30/99 | $1,400.00 |
| 39 | 01/07/00 | $1,400.00 |
| 40 | 01/21/00 | $1,400.00 |
| 41 | 01/28/00 | $1,400.00 |
| 42 | 02/11/00 | $1,400.00 |
| 43 | 02/18/00 | $2,800.00 |
| 44 | 02/25/00 | $1,400.00 |

| 45 | 03/03/00 | $1,400.00 |
| 46 | 03/24/00 | $1,400.00 |
| 47 | 04/14/00 | $4,200.00 |
| 48 | 05/05/00 | $2,800.00 |
| 49 | 05/12/00 | $1,400.00 |

III. Defendant HUY LOI a/k/a "Sherman" and Den Van Nguyen, who is not a defendant herein, made or caused the following cash transactions to be made to a Honolulu Police Department Officer posing as a corrupt law enforcement officer willing accept bribes in exchange for warning them of HPD raids and otherwise assist the illegal gambling business:

| OVERT ACT | TRANSACTION DATE | TRANSACTION AMOUNT |
|---|---|---|
| 50 | 06/18/99 | $700.00 |
| 51 | 06/28/99 | $700.00 |
| 52 | 07/02/99 | $700.00 |
| 53 | 07/12/99 | $1,400.00 |
| 54 | 07/16/99 | $1,400.00 |
| 55 | 07/23/99 | $1,400.00 |
| 56 | 07/30/99 | $1,400.00 |
| 57 | 08/06/99 | $1,400.00 |
| 58 | 08/13/99 | $1,400.00 |
| 59 | 08/27/99 | $2,800.00 |
| 60 | 09/17/99 | $2,800.00 |

IV. Defendant HUY LOI a/k/a "Sherman" made or caused the following cash transaction to be made to a Honolulu Police Department Officer posing as a corrupt law enforcement officer

willing to accept bribes in exchange for warning them of HPD raids and otherwise assist the illegal gambling business:

| OVERT ACT | TRANSACTION DATE | TRANSACTION AMOUNT |
|---|---|---|
| 61 | 07/08/99 | $3,000.00 |
| 62 | 11/19/99 | $1,400.00 |
| 63 | 12/17/99 | $1,000.00 |
| 64 | 02/18/00 | $900.00 |
| 65 | 03/10/00 | $1,400.00 |
| 66 | 03/31/00 | $1,400.00 |
| 67 | 04/20/00 | $1,400.00 |

All in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h).

## COUNT 4

### FORFEITURE

The Grand Jury further charges that:

A. Count 3 is hereby realleged as if fully set out herein.

B. Upon conviction for the offenses alleged in Count 2, defendants GABRIEL L. AIO, STEVE M. CROUCH, HUY LOI a/k/a "Sherman," KIM LE RICHARDSON, a/k/a "Kimi," and HUNG CHI HO, a/k/a "Small David," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to the following:

    The sum of money equal to the sum of
approximately $82,620.00

  C. If any of the above-described forfeitable property, as a result of any act or omission of the defendant--

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

  All pursuant to Title 18, United States Code, Section 982.

## COUNT 5

The Grand Jury further charges that:

From a time unknown to the grand jury but by at least sometime in November, 1999, and continuing thereafter to on or about sometime in April, 2000, in the District of Hawaii and elsewhere, the defendants, KIM LE RICHARDSON, a/k/a "Kimi," and TIAN JUN TSAI, a/k/a "Kenny" unlawfully and knowingly did conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, said illegal gambling business

involving card games and electronic video gambling machines, in violation of the laws of the State of Hawaii (Hawaii Revised Statute § 712-1221), in which said business was conducted at 900 Maunakea Street, Honolulu, Hawaii; which illegal gambling business involved, during the period aforesaid, five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which gambling business remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue in excess of $2,000 in a single day.

All in violation of Title 18, United States Code, Section 1955, and Title 18, United States Code, Section 2.

Count 6

The Grand Jury further charges that:

Upon conviction of the offense alleged in Count 5 of this Indictment, defendant KIM LE RICHARDSON used the following real property to facilitate the commission of the offense:

> ALL OF THAT CERTAIN PARCEL OF LAND (BEING ALL OF THE LAND(S) DESCRIBED IN AND COVERED BY ROYAL PATENT NUMBER 1081, LAND COMMISSION AWARD 2938 TO HUANU NO LAHILAHI AND ROYAL PATENT GRANT NUMBER 1955 TO J. PIIKOI) SITUATE, LYING AND BEING ON THE NORTH CORNER OF NIMITZ HIGHWAY AND MAUNAKEA STREET, AT HONOLULU, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, TAX MAP KEY NUMBER 1-7-02-11(1), AND ALL APPURTENANCES AND IMPROVEMENTS THERETO, BEARING STREET ADDRESS 900 MAUNAKEA STREET, HONOLULU, HAWAII.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant -

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with, a third person;

      (3) has been placed beyond the jurisdiction of the court;

      (4) has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including but not limited to:

1. ALL OF THAT CERTAIN PARCEL OF LAND LOCATED AT 6008 KALANIANAOLE HIGHWAY, HONOLULU, HAWAII, 96821, LOT 502-A-2-B-1-A, AREA 10,748 SQUARE FEET, MORE OR LESS, AS SHOWN ON MAP 246, FILED IN THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF THE STATE OF HAWAII WITH LAND COURT APPLICATION NO. 578 (AMENDED) OF JOSEPH PAIKO, JUNIOR.

2. ALL OF THAT CERTAIN PARCEL OF LAND SITUATE AT KUKUAU 1ST, DISTRICT OF SOUTH HILO, ISLAND AND COUNTY OF HAWAII, STATE OF HAWAII, DESCRIBED AS FOLLOWS:

   LOT 257, AREA 1.000 ACRE, MORE OR LESS, AS SHOWN ON MAP 73, FILED IN THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF THE STATE OF HAWAII WITH LAND COURT APPLICATION NO. 1205 (AMENDED) OF COOKE TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL AND OF THE ESTATE OF AKANA AMELIA RICHARDSON, DECEASED;

   BEING THE LAND(S) DESCRIBED IN TRANSFER CERTIFICATE OF TITLE NO. 382,793 ISSUED TO JUDY KIMIYO KINOSHITA, WIFE OF RONALD HIDEKI KINOSHITA, AND DESCRIBED AS TAX MAP KEY NUMBER (3) 2-4-075-058.

(All in violation of Title 28 United States Code, Section 2461 and Title 18 United States Code, Section 1955).

By virtue of the commission by said defendant of the offense charged in Count 5 of the indictment, defendant shall forfeit any and all interests she has in the aforesaid properties pursuant to 28 United States Code Section 2461.

### COUNT 7

The Grand Jury further charges:

A.  Introduction

At all times material to this indictment:

1. KIM LE RICHARDSON a/k/a "Kimi," defendant herein, date of birth, August 10, 1953, was a resident of Hawaii.

2. TIAN JUN TSAI a/k/a "Kenny," defendant herein, date of birth, August 12, 1972, was a resident of Hawaii.

B.  The Conspiracy

From on or about November 12, 1999 through sometime in approximately May, 2000, in the District of Hawaii and elsewhere, the defendants, KIM LE RICHARDSON a/k/a "Kimi," and TIAN JUN TSAI a/k/a "Kenny," did knowingly and intentionally and unlawfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to engage in the laundering of monetary instruments; that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the movement of funds (U.S. currency), which involved the proceeds of specified unlawful activity, that is, an illegal gambling business in violation of 18 U.S.C.

§ 1955, and also that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity, to wit, an illegal gambling business a violation of 18 U.S.C. § 1955.

    C.   <u>The Manner and Means of the Conspiracy</u>

    1.   It was a part of the conspiracy that KIM LE RICHARDSON a/k/a "Kimi" and TIAN JUN TSAI a/k/a "Kenny," operated an illegal gambling business located at 900 Maunakea Street.

    2.   It was also part of the conspiracy that KIM LE RICHARDSON a/k/a "Kimi," owner of the building located at 900 Maunakea Street, knew about the illegal gambling business conducted in said building and consented to said illegal activity.

    3.   It was also part of the conspiracy that KIM LE RICHARDSON made cash payments to a Honolulu Police Department Officer who posed as a corrupt officer willing to accept bribes in exchange for warning them of Honolulu Police Department raids and otherwise assist the illegal gambling business.

    D.   <u>Overt Acts</u>

In furtherance of the conspiracy and to effect its object, the defendants, KIM LE RICHARDSON a/k/a "Kimi" and TIAN JUN TSAI a/k/a "Kenny," committed the following overt acts of cash transactions to a Honolulu Police Department Officer posing as a corrupt law enforcement officer willing to accept bribes in

exchange for warning them of HPD raids and otherwise assist the illegal gambling business.

| OVERT ACT | TRANSACTION DATE | TRANSACTION AMOUNT |
|---|---|---|
| 1 | 11/12/99 | $500.00 |
| 2 | 11/26/99 | $1,000.00 |
| 3 | 12/03/99 | $500.00 |
| 4 | 12/10/99 | $500.00 |
| 5 | 12/30/99 | $500.00 |
| 6 | 01/07/00 | $500.00 |
| 7 | 01/21/00 | $1,000.00 |
| 8 | 01/28/00 | $500.00 |
| 9 | 02/11/00 | $1,000.00 |
| 10 | 02/18/00 | $500.00 |
| 11 | 02/25/00 | $500.00 |
| 12 | 03/03/00 | $500.00 |
| 13 | 04/14/00 | $1,500.00 |
| 14 | 05/05/00 | $500.00 |

All in violation of Title 18, United States Code, section 1956(h).

### COUNT 8

### FORFEITURES

The Grand Jury further charges that:

A.  Count 7 is hereby realleged as if fully set out herein.

B.  Upon conviction for the offense alleged in Count 7, defendants KIM LE RICHARDSON, a/k/a "Kimi" and TIAN JUN TSAI

a/k/a "Kenny," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to the following:

>The sum of money equal to the sum of approximately $9,500.00

C. If any of the above-described forfeitable property, as a result of any act or omission of the defendant--

>(1) cannot be located upon the exercise of due diligence;
>
>(2) has been transferred or sold to, or deposited with, a third person;
>
>(3) has been placed beyond the jurisdiction of the court;
>
>(4) has been substantially diminished in value; or
>
>(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) to seek forfeiture of any

//
//
//
//
//
//
//
//

other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982.

DATED: Oct 18, 2000, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, Grand Jury

_____
STEVEN S. ALM
United States Attorney

_____
ELLIOT ENOKI
First Assistant U. S. Attorney

_____
FLORENCE T. NAKAKUNI
Assistant U. S. Attorney

_____
BEVERLY WEE SAMESHIMA
Assistant U. S. Attorney

USA v. Gabriel L. Aio, et al.
Cr. No. 00-00215 DAE BMK
"First Superseding Indictment"